**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ORION MARINE CONSTRUCTION, INC.** | |
| **PLAINTIFFS,** | **CIVIL ACTION NO.:**     4:17-cv-522 |
| **VERSUS** | **JUDGE:** |
| **MARK COYLE, CROSBY DREDGING, LLC (TX), AND CROSBY DREDGING, LLC (LA)** | **MAGISTRATE:** |
| **DEFENDANTS.** | |

**MOTION FOR TEMPORARY RESTRAINING ORDER, TO SET A PRELIMINARY INJUNCTION HEARING, AND FOR AN ORDER PERMITTING EXPEDITED DISCOVERY**

Plaintiff Orion Marine Construction, Inc. ("Orion"), through undersigned counsel hereby moves, pursuant to Federal Rule of Civil Procedure 65, for entry of a temporary restraining order in the manner prayed herein restraining its former Vice President, Defendant Mark Coyle, and his current employer, Crosby Dredging, LLC, formed under Texas law, and Crosby Dredging, LLC, formed under Louisiana law, (collectively "Defendants") from the use and/or disclosure of Orion's confidential information and trade secrets, including, but not limited to, the information that Mr. Coyle transmitted to his personal email before resigning and going to work for Orion's competitor – Crosby Dredging. Orion has filed a *Verified Complaint for Damages and Injunctive Relief* ("Complaint"), Rec. Doc. 1, and a Memorandum of Law in Support of this Motion and further states as follows:

1. Orion is a leading provider of heavy marine construction services to federal and state governments, military branches, and private entities in the oil and gas and private transportation port industries.

{N3368326.1}

1

2.Mark Coyle began his employment with Orion in or around December, 1998, as Manager of Business Development.

3.Coyle was later promoted to Vice President of Business Development, and held this position until his resignation on January 20, 2016.

4.As V.P. of Business Development, Coyle led short & long term strategic marketing and business development for Orion in the areas surrounding the Gulf of Mexico with a primary focus on the State of Texas, where he lived and his office was based, and the State of Louisiana.

5.As part of Orion's senior management team, Coyle played a major role in targeting specific projects and specific clients to maintain and expand Orion's heavy marine construction portfolio.

6.In order to carry out his duties, Coyle had access to Orion's confidential, proprietary, and trade secret information, including, but not limited to, business objectives, bid proposals, pricing lists, pricing indexes, targeted projects, prospective projects, client lists, prospective client lists, budgets, marketing plans, and project management processes and procedures.

7.Because of his position, accomplishments, contacts and tenure – nearly 20 years – Coyle had intimate access to confidential information and trade secrets related to Orion business.

8.Orion went to great lengths to protect this information, by amongst other things, detailing the vital importance of this confidential information and explaining how it ensures Orion's place atop the heavy marine construction market to all employees, including Coyle, through its *Code of Business Conduct and Ethics* and its *Corporate Ethics & Legal Compliance Policy Statement.*

9. In August 2008, Coyle acknowledged that he read and understood both the *Ethics Code* and *Ethics Policy Statement*. He acknowledged that he was required to comply with all the provisions set forth therein, and agreed to (1) not access or retain Orion's confidential information, trade secrets, and proprietary information for personal use; (2) not disclose Orion's confidential information, trade secrets, and proprietary information to third parties or use any such information to the detriment of Orion; and (3) not directly engage in activities to the detriment Orion and to be loyal to Orion at all times during his employment.

10. Based on information and belief, Coyle began looking at employment opportunities outside of Orion in or before December 2016. During this time, Orion started locating, obtaining, and collecting Orion's confidential information and trade secrets for his personal use after he left Orion.

11. Based on information and belief, on or before January 9, 2017, Coyle secured employment with Crosby Dredging, LLC, formed under Texas law, and/or Crosby Dredging, LLC, formed under Louisiana law, ("Crosby Dredging") to provide the same services he was providing to Orion.

12. Based on information and belief, after Crosby Dredging agreed to hire Coyle, the Defendants conspired to misappropriate Orion's confidential information and trade secrets in order to unlawfully compete against.

13. For example, on January 9, 2017, the day Coyle gave his two-week notice of resignation to Orion, Coyle 2016, Coyle accessed without authorization and/or exceeding his authorization and forward confidential, proprietary, and/or trade secret information regarding Orion's bid pricing, survey data, and prospective projects. A full description of the information Orion currently knows Coyle to have misappropriated is set forth in Paragraphs 31 of Plaintiff's

{N3368326.1}

3

Complaint. There was no legitimate business reason for Coyle to forward Orion's confidential, proprietary, and trade secret information to his personal email address.

14. This information includes a detailed spreadsheet with prospective projects through 2018. The spreadsheet provides the customer name, project description, location, project schedule, estimated budget, customer contact, and specific comments regarding each project. **The aggregate amount of these projects is several hundred million dollars.**

15. On January 20, 2017, Coyle officially resigned from his position and Orion learned that he had accepted employment with Crosby Dredging, Orion's direct competitor in Texas and Louisiana.

16. On January 25, 2017, Orion sent letters to both Coyle and Crosby Dredging putting the Defendants on notice of the misappropriation of Orion's confidential, proprietary, and trade secret information and demanding that the Defendants return Orion's property immediately.

17. Orion only received a response from Crosby Dredging, wherein counsel for Crosby Dredging represented that Kurt Crosby, Crosby Dredging's member, did not personally possess Orion's confidential, proprietary or trade secret information. Orion has not received a response from Coyle as of the date of this filing.

18. The evidence shows Defendants are currently in possession of Orion's confidential, proprietary, and trade secret information and intend to use that information for unlawful purposes – namely to destroy Orion's competitive advantage through unlawful and unfair competition.

19. The injunctive relief Orion seeks is necessary to restore and maintain the status quo and to protect Orion from the substantial and irreparable injury that it will sustain if

Defendants are allowed to continue to use the misappropriated confidential, proprietary, and trade secret information belonging to Orion.  The irreparable injury includes, but is not limited to, disrupting and damaging Orion's business operations, industry goodwill, and ability to fairly compete.

20. Public policy supports the granting of an injunction to prevent the unlawful use of misappropriated confidential information and trade secrets in order to maintain the status quo until a trial on the merits.

21. The Complaint and Memorandum of Law set forth Orion's clearly ascertainable right to protect its confidential information and trade secrets and demonstrates the likelihood of Orion's success on the merits of its claims against Defendants, and the allegations set forth therein are hereby incorporated by reference.

22. Orion has no adequate remedy at law or in equity for the injury it has sustained and will continue to sustain unless Defendants' conduct is restrained.

**WHEREFORE**, Plaintiff, Orion Marine Construction, Inc., respectfully requests that this Honorable Court:

1. Enter a temporary restraining order enjoining Defendants, Mark Coyle, Crosby Dredging, LLC, formed under Texas law, and Crosby Dredging, LLC, formed under Louisiana law, and their agents, employees, independent contractors and all persons acting with them, from:

    a. destroying, altering, erasing, secreting, or failing to preserve any and all of Orion's business materials, property, proprietary information, confidential information or trade secrets and/or any and all record or documents that may be relevant to this lawsuit; wherever located, and whatever form, including but not

      limited to any document, email, report, software, files, electronic data, tangible evidence, financial records, and any and all communications between Coyle and any employee, member, investor, or consultant of Crosby Dredging;

   b. disclosing, disseminating, or using for its own purpose or any other purpose Orion's confidential information and trade secrets, including, but not limited to, all files (and the information contained therein) that Coyle removed from Orion without authorization. For purposes of this order "confidential information and trade secrets" is defined as all files, documents, email, technology, specifications, designs, processes, plans, intellectual property, and other materials or items (regardless of media, written, electronic or otherwise, and whether stored in local or central databases, on personal computers, in files or otherwise) of or developed or conceived by or for Orion;

   c. Accessing, studying or taking notes regarding Orion's confidential information or trade secrets that Coyle removed and/or retained, including all business-related information concerning Orion.

2. Schedule a hearing on Plaintiff's request for a preliminary restraining order at the earliest convenience of the Court and the parties involved;

3. Enter an order that:

   a. grants Plaintiff leave to commence expedited discovery immediately in aid of preliminary injunction proceedings before the Court;

   b. requires Defendants to provide access for inspection and imaging, within five days of this order, of any and all electronic devices and email accounts that may contain Plaintiff's confidential, proprietary, and trade secret information,

including, but not limited to, Mark Coyle's personal and work email accounts, any home and work computers, Blackberrys, iPhones, personal data assistants, memory devices, flash drives and other electronic media storage devices; and

c. requires each of the Defendants to appear for deposition within ten days' notice of the order.

Respectfully submitted this February 16, 2017

  /s/ Joseph F. Lavigne
JOSEPH F. LAVIGNE (Federal ID No. 559956)
**Attorney in Charge**
JASON A. CULOTTA (Federal ID No. 2859054)
Of Counsel
*Jones Walker LLP*
201 St. Charles Avenue - 50th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: jlavigne@joneswalker.com
Email: jculotta@joneswalker.com

and

C. VERONICA RIVAS (TX Bar No. 24033127)
Of Counsel
AMY K. ANDERSON (TX Bar No. 24077064)
Of Counsel
1001 Fannin Street, Suite 2450
*Jones Walker LLP*
Houston, Texas 77002
Phone: 713.437.1800
Facsimile: 713.437.1810
Email: vrivasmolloy@joneswalker.com
Email: aanderson@joneswalker.com

*Counsel for Plaintiff, Orion Marine Construction, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2017, I electronically filed the foregoing *Motion for Temporary Restraining Order, to Set a Preliminary Injunction Hearing and for an Order Permitting Expedited Discovery* with the Clerk of Court using the CM/ECF System which will be served on the parties via email.

                                           */s/ Joseph F. Lavigne*
                                           JOSEPH F. LAVIGNE