UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORION MARINE CONSTRUCTION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00522 |
| | § | |
| MARK COYLE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause is Plaintiff Orion Marine Construction, Inc.'s ("Orion") Opposed Motion for Leave to File Second Amended Complaint ("Motion") to add Crosby Tugs, LLC ("Crosby Tugs"). Doc. 49. Defendants, Crosby Dredging LLC (TX) and Crosby Dredging LLC (LA)'s ("Crosby Dredging") and Mark Coyle ("Coyle), have not filed a response. Thus, under Local Rule 7.4, the Motion is deemed unopposed. After careful consideration of the filings, record, and law, the Court grants Plaintiff's motion.

**I. Background**

The background of this case has been detailed in prior opinions and is incorporated herein.

On February 16, 2017, Orion filed its Complaint. Doc. 1. On February 17, it filed its First Amended Complaint. Doc. 8. On June 30, 2017, the deadline to add new parties, Orion filed its Motion to add Crosby Tugs. Docs. 48–49.

In its motion, Orion alleges that during discovery and during the March 29, 2017 hearing, Orion learned of Crosby Tugs' involvement in its claims. From discovery, Orion alleges that Crosby Tugs received "Orion's trade secrets and confidential information." Doc. 49 at 3. Specifically, Orion alleges that all e-mails "sent to and from Kurt Crosby . . . as managing

member of Crosby Dredging were sent to . . . @crosbytugs.com." In support, Orion provides an e-mail from Coyle to Kurt and Tara Crosby at "kurt@crosbytugs.com" and "tcrsoby@crosbytugs.com," Doc. 43-7 at 1, Ex. V; an e-mail from Coyle to Aaron Guidry at "aguidry@crosbytugs.com" attaching Coyle's "Prospective Projects 2016" list, Doc. 43-17 at 1, Ex. FF; and an e-mail from Coyle to Kurt Crosby at "kurt@crosbytugs.com" forwarding "survey data for Targa Galena park," Doc. 43-18 at 1, Ex. GG. While it had these e-mails from the prior forensic examination, Orion alleges that it did not know the degree of Crosby Tugs' involvement until after Maturin's testimony. Doc. 49 ¶ 8, 10.

Orion also alleges that during Roland Maturin's ("Maturin") testimony, Orion learned that Crosby Tugs "jointly participate[s] in the pricing and bidding process for Crosby Dredging. Doc. 49 ¶ 9. Orion also alleges that the testimony indicated that "these companies operate as a single business unit." *Id*. at ¶ 8. Orion does not refer to specific sections of the transcript, but refers the Court to the testimony of Roland Maturin, Operations Manager for Crosby Dredging.

During his testimony, Maturin testified that Crosby Tugs and Dredging the share some marketing and sales resources, and that job bidding is discussed in a round table with multiple divisions of the company. Maturin testified that Crosby Tugs and Dredging share some marketing materials, in pertinent part, as follows:

> Q: But in terms of identifying, developing and bidding on work, no one at Crosby tugs has any involvement with that for Crosby Dredging. Is that fair?
>
> A In bidding, the only involvement that the Crosby people would have would be in the marketing because we have a big marketing group, and there's overlay between those two.

Transcript of March 29, 2017 Hearing, 3-9:10–15. Maturin also testified that the companies share sales resources, as follows: "They all bring—the salesmen bring stuff to the table and then each individual company, myself, will decide whether it's something that's viable for us or not."

Tr. 3-14:6–8.

Maturin also testified that job bidding was determined by a round table "bid committee" composed of the "financial department, the other owners[,] . . . [a]nd sometimes Human Resources." Tr. 3-16:21–25. All of them "participate in the numbers." Tr. 3-17:6–11. Maturin next testified that Crosby Dredging would "estimate" "our cost," and then it would evaluate a "bunch of factors," such as "what's the market," how to "posture ourselves if we bid this job," and "[i]s there anything else in the area?" Tr. 3-17:21–3-18:3. Then, Human Resources "Might say, yes, we have got some extra people here . . . look at . . . if their pay." Tr. 3-18:4–13. Thus, Orion alleges Crosby Tugs "received Orion's trade secrets" or that "employees of Crosby Tugs assist Crosby Dredging n the pricing and bidding process." Doc. 49 ¶ 12.

Accordingly, Orion requests leave to amend its Complaint to add claims of "Texas Uniform Trade Secrets Act, the Louisiana Uniform Trade Secrets Act, the Defend Trade Secrets Act, and the Louisiana Unfair Trade Practice" against Crosby Tugs. Doc. 49 at 3–4. Orion requests that it be granted permission to amend its pleading under Federal Rule of Civil procedure 15(a)(2). Orion asserts that the motion is timely under the agreed-scheduling order as filed on the deadline, Doc. 48, and that there is no evidence of delay, bad faith, or undue prejudice because Orion recently discovered the degree of Crosby Tugs' involvement, Doc. 49 at 4.

## II. Legal Standard and Discussion

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (unpublished). Rule 15(a) allows a party to amend its

pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and courts must "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

Once a trial court imposes a scheduling order, however, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Tex. Indigenous Council v. Simpkins*, 544 Fed. App'x 418, 420 (5th Cir. 2013) (per curiam) (unpublished). Under Rule 16(b), once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Accordingly, in order for the more liberal standard of Rule 15(a) to apply to a post-deadline amendment, a party "must show good cause for not meeting the deadline." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation and internal quotation marks omitted).

Here, Orion sought leave to amend its pleadings to add Crosby Tugs on the last day to join parties. Doc. 48–49. The Court finds Orion's request to add Crosby Tugs is timely, and thus Rule 15's more liberal standard governs the Court's consideration. *See Fahim*, 551 F.3d at 348. The Amendment should be allowed unless undue delay, bad faith or dilatory motive is shown. *See In re Am. Intern. Refinery, Inc.*, 676 F.3d at 466

Undue delay, bad faith, or dilatory motive is not shown here because Orion alleges that the Motion arose following an examination of forensic evidence after hearing the testimony of Martuin at the March hearing. Doc. 49 at 3. This is Orion's second amended complaint, and the Motion is within the Court's own deadline to join parties. Also, the Motion is unopposed. For these reasons, the Court holds that the June Motion is not the result of undue delay, bad faith, or dilatory motive. *See generally In re Am. Intern. Refinery, Inc.*, 676 F.3d at 466.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Orion's Opposed Motion for Leave to File Second Amended Complaint ("Motion") to add Crosby Tugs, LLC ("Crosby Tugs"), Doc. 49**,** is **GRANTED**.

SIGNED at Houston, Texas, this 14th day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE