UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORION MARINE CONSTRUCTION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00522 |
| | § | |
| MARK COYLE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause is Defendants Crosby Dredging LLC (TX) and Crosby Dredging LLC (LA)'s ("Crosby Dredging") Motion to Dismiss Plaintiff's Claims under Louisiana State Law, Doc. 92, Defendant Mark Coyle's ("Coyle") Joinder to the Motion, Doc. 93, and Plaintiff Orion Marine Construction, Inc.'s ("Orion") Memorandum in Opposition to Motion, Doc. 111. After careful consideration of the filings, record, and law, the Court denies Crosby and Coyle's Motions.

The background of this case has been detailed in prior opinions and is incorporated herein.

Crosby's Motion requests dismissal of Orion's following claims: "(1) aiding and abetting breach of fiduciary duties; (2) tortious interference with business relationships; (3) misappropriation of trade secrets; (4) violation of the Defend Trade Secrets Act; (5) violation of the Louisiana Unfair Trade Practices Act; (6) conspiracy; and (7) unjust enrichment." Doc. 92. Coyle joins the motions as to the following claims: "(a) 'Tortious Interference With Business Relationships Under Louisiana Law,' (b) violation of the Louisiana Uniform Trade Secrets Act, (c) violation of the Louisiana Unfair Trade Practices Act, and (d) 'Conspiracy under Louisiana Law.'" Doc. 93.

## I. Legal Standard

A court considering a conflict of laws first considers whether the laws conflict, and then, in Texas, which state has the most significant relationship to the occurrence and parties. A court decides a conflicts-of-law question only when a case is connected with more than one state and the laws of these states differ on one or more points in issue. *Greenberg Traurig of New York, P.C. v. Moody*, 161 S.W.3d 56, 69–70 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990). Determining which state's law governs is a question of law for the court to decide. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). Federal courts apply the forum state's conflict-of-laws rules, here Texas, to determine what law governs state-law claims. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Bailey v. Shell Western E & P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010). And Texas courts apply the law of the state with the "most significant relationship" to the particular substantive issue. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 519 (S.D. Tex. 2011) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984)).

To define the "most significant relationship," Texas has adopted the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971)'s factorial test. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000); *Rimkus Consulting Group, Inc. v. Cammarata*, 255 F.R.D. 417, 432 (S.D. Tex. 2008). Section 6(2) sets out general factors and Section 145 sets out additional tort factors. Section 6(2) sets out the general factors, as follows:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of the result, and

(g) ease in the determination and application of the law to be applied.

The courts consider "the qualitative nature of the particular contacts" with a state and the "state policies underlying the particular substantive issues." Duncan, 665 S.W.2d at 421.

For tort claims in general, Section 145 applies:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In sum, the "The applicable law will usually be the local law of the state where the injury occurred." *Jelec USA, Inc. v. Safety Controls, Inc.*, 498 F. Supp. 2d 945, 952 (S.D. Tex. 2007) (Miller, J.) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 156 (1971)).

## II. Discussion

In its Motion, Crosby alleges that "the facts indicate that Texas Law is the Law applicable to this dispute," and asks the Court to dismiss Orion's Louisiana State claims. Doc. 92 at 2 & 4. Crosby does not assert under which federal rule it is seeking dismissal, whether under Federal Rule of Civil Procedure Rule 12(b)(6), Rule 56, or some other rule. *Id*. Crosby next lays out the factors above, but does not apply them. *Id*. at 2. Instead, Crosby cites to cases wherein other courts have found that Texas and Louisiana "trade secret" and "unfair trade practices" laws have a "clear conflict." *Id*. at 3 & n.1. Crosby does not brief how the relevant common law or

statutes conflict for claims it asks the Court to dismiss. *Id*.

In support of the application of Texas law, Crosby alleges more contacts with Texas and that Orion has abandoned its Louisiana claims. Crosby alleges that "Coyle resided and worked in Texas" and "Orion's concerns lie with Crosby's expansion into the Texas market." *Id*. at 4. Crosby also asserts that that Orion has "effectively abandoned its claims under Louisiana Law" by filing injunctions only as to Texas, but provides no authority in support. *Id*. Coyle's Joinder in the motion adds no argument. Doc. 93.

Crosby has not shown first, a conflict of laws between the laws governing the Texas and Louisiana claims, nor that Texas has the most significant relationship to the occurrence and parties, according to the factors. *See Greenberg Traurig*, 161 S.W.3d at 70; *Hughes Wood Prods., Inc.*, 18 S.W.3d at 205 (holding that a movant for summary judgment must "satisfy its burden of proof with respect to fact questions necessary to the choice of law decision.").

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Motion to Dismiss Plaintiff's Claims under Louisiana State Law, Doc. 92, and Defendant Mark Coyle's ("Coyle") Joinder to the Motion, Doc. 93, are **DENIED** without prejudice and may be re-urged after sufficient development at trial.

SIGNED at Houston, Texas, this 12th day of March, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE